IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VOIP-PAL.COM INC.<br>*Plaintiff*,<br><br>v.<br><br>AT&T, INC., *et al.*<br>*Defendants*. | Civil Action No. 24-cv-03051(RDM) |

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff VoIP-Pal.Com Inc. ("VoIP-Pal"), by and through undersigned counsel, and respectfully moves the Court to grant leave to amend Plaintiff's First Amended Complaint, and states the following:

### I. Procedural Background.

VoIP-Pal filed this case on October 25, 2024. On that same day, VoIP-Pal filed a related class action case, *Inza, et al. v. AT&T, et al.*, Case No 1:24-cv-03054. The class action case was assigned to Judge Reggie B. Walton. On October 30, 2024, VoIP-Pal filed a motion to consolidate this case with the class action case. On October 31, 2024, the Court *sua sponte* transferred the class action case to Judge Moss. On December 17, 2024, VoIP-Pal filed its First Amended Complaint in this case. On January 16, 2025, VoIP-Pal moved to for an extension of the time for service of process. The Court granted that motion, and reset the service deadline for April 23, 2025. On January 27, 2025, the class action Plaintiffs filed their First Amended Complaint in *Inza, et al. v. AT&T, et al.*, Case No 1:24-cv-03054. Now, on this same day, VoIP-Pal and the class action Plaintiffs are filing motions for leave to amend the First Amended Complaint in both cases.

VoIP-Pal will serve all defendants via counsel by the April 23, 2025 deadline. Service will contain all papers filed in this case, including a copy of this motion.

## **II. Standard of Review.**

The Federal Rules of Civil Procedure ("FRCP") permit a party to amend its pleading "[o]nly with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FRCP 15(a)(2). The Rules of the United States District Court for the District of Columbia ("LCvR") require a party seeking leave to file an amended pleading to "attach, as an exhibit, a copy of the proposed pleading as amended." LCvR 15.1.

"The decision whether to grant leave to amend a complaint is within the discretion of the district court, but leave should be freely given unless there is a good reason to the contrary." *Gordon v. Courter*, 118 F.Supp.3d 276, 283 (2015) (citing *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C.Cir.1996)). "Rule 15(a) provides for 'maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities.'" *Elmore v. Stryker EMS*, 2019 WL 13277435 (2019) (quoting *Belizan v. Hershon*, 434 F.3d 579, 584 (D.C. Cir. 2006)). "The underlying rationale behind the rule is that if the underlying circumstances should be cause for relief than the plaintiff should be able to test his claim on the merits." *U.S. Telesis, Inc. v. Ende*, 297 F.R.D. 159, 161.s (2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[W]hen a plaintiff has imperfectly stated what may be an arguable claim . . . leave to amend is ordinarily in order." *Alley v. Resolution Trust Corp.*, 984 F.2d 1201, 1207 (1993).

"Undue delay, undue prejudice to the defendant, or futility of the proposed amendment(s) are factors that may warrant denying leave to amend." *Smith v. Cafe Asia*, 598 F.Supp.2d 45, 48 (D.D.C. 2009) (citing *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 425 (D.C.Cir. 1996)). The defendant has the burden of showing why leave to file an amended complaint should not be granted. *Id.* (citing *LaPrade v. Abramson*, Civil Action No. 97–10(RWR), 2006 WL 3469532, at *3 (D.D.C. Nov. 29, 2006)).

### III. Amendment Should be Granted.

Amendment of VoIP-Pal's First Amended Complaint would not cause undue delay or undue prejudice to the Defendants, any would not be futile.

The VoIP-Pal has been engaged with the Defendants for the past several months, and has received detailed commentary from the AT&T Defendants and the Verizon Defendants. Although VoIP-Pal disagrees with the more substantial portions of that commentary, including the threats of Rule 11 type sanctions, VoIP-Pal's proposed Second Amended Complaint does take that commentary into consideration.

For example, in their letter dated October 17, 2024, the Verizon Defendants state "The complaint you filed in this mater is long, repetitive, and replete with irrelevant and illogical statements. . . . Rather than providing a "short and plain" statement of the case—the standard that lawyers apply to such a pleading—it is repetitive, rambling, and wordy to an extreme." That letter is attached hereto as Exhibit 1.

Likewise, in their letter dated February 28, 2025, the AT&T Defendants state:

You have also litigated these cases in a manner that has unreasonably and vexatiously multiplied the proceedings in them. To take, again, just a few examples:

- Your complaints total roughly 260 pages each, repeat the same bare-bones factual allegations dozens of times, are riddled with extraneous references to caselaw and irrelevant legal doctrines, and fail to clearly identify the claims you intend to plead. *See Achagzai v. Broadcasting Bd. of Gov'rs*, 109 F. Supp. 3d 67, 71 (D.D.C. 2015) (Moss, J.).

That letter is attached hereto as Exhibit 2, with the portions related to ongoing settlement negotiations being redacted.

In preparing its proposed Second Amended Complaint, VoIP-Pal has taken care to state its claims efficiently and reduce the number of paragraphs to which the Defendants must respond in their Answer, while bringing forward its primary allegations and causes of action.

### A. The case has not been unduly delayed.

"[D]elay alone, absent prejudice to the party opposing the amendment, is insufficient to bar an amendment to the pleadings." *Green v. American Broadcasting Companies, Inc.*, 647 F.Supp. 1359, 1367 (1986) (citing *Securities and Exchange Commission v. National Student Marketing Corp.,* 73 F.R.D. 444, 447 (D.D.C.1977)).

There has been no undue delay in this proceeding. The deadline for service of process is April 23, 2025, and VoIP-Pal is preparing to serve the Defendants through their counsel by that date. Service itself will set the next procedural deadline – the filing of responsive pleadings – and the burden of meeting that deadline will be on the Defendants.

### B. The Defendants will not be prejudiced by the amendment.

""Undue prejudice is not mere harm to the non-movant. . .." *Does I through III v. District of Columbia*, 815 F.Supp.2d 208, 215 (2011) (quoting *Dove v. Wash. Metro. Area Transit Auth.*, 221 F.R.D. 246, 248 (D.D.C.2004)). "To establish prejudice from a proposed amended pleading, an 'opposing party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely.'" *Petworth Holdings, LLC v. Bowser*, 333 F.R.D. 297 (2019) (quoting *In re Vitamins Antitrust Litig.*, 217 F.R.D. 30, 32 (D.D.C. 2003).

With the full procedures of litigation still ahead of us, the Defendants have not lost any opportunity to present facts or evidence in this case. They would not be unduly prejudiced by the amendment.

### C. The proposed amendment would not be futile.

An amendment is futile if it would not survive a motion to dismiss. *Smith v. Cafe Asia*, 598 F.Supp.2d 45, 48 (2009).

"[W]hen ruling on a defendant's motion to dismiss, a judge **must** accept as true all of the factual allegations contained in the complaint." *Erickson*, 551 U.S. at 94, 127 S.Ct. 2197 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (other citations omitted). A court **may not** grant a motion to dismiss for failure to state a claim "even if it strikes a savvy judge that ... recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955 (internal quotation marks and citation omitted). "So long as the pleadings suggest a 'plausible' scenario to 'sho[w] that the pleader is entitled to relief,' a court **may not** dismiss."

*Atherton v. District of Columbia Office of Mayor*, 567 F.3d 672 (2009) (emphasis added).

VoIP-Pal respectfully states that the proposed Second Amended Complaint would survive a motion to dismiss, and amendment would not be futile.

### IV. VoIP-Pal will seek consent to amendment from the Defendants after they have entered their appearance in this case.

In previous conversations with counsel for the AT&T Defendants, the undersigned counsel has become aware that the Defendants generally do not either to consent or to withhold consent to procedural motions prior to entering their appearance in this case. For that reason, VoIP-Pal has not sought consent as contemplated by FRCP 15(a)(2) prior to filing this motion.

VoIP-Pal will promptly seek that consent from each Defendant after they have entered their respective appearances.

### V. VoIP-Pal's proposed Second Amended Complaint is attached hereto.

A redlined copy of VoIP-Pal's proposed Second Amended Complaint is attached hereto as Exhibit 3. That document is redlined against VoIP-Pal's First Amended Complaint. A clean copy of VoIP-Pal's Second Amended Complaint is attached hereto as Exhibit 4.

### VI. Conclusion.

WHEREFORE Plaintiff VoIP-Pal.Com, Inc. respectfully requests that the Court grant leave to amend Plaintiff's First Amended Complaint, and enter VoIP-Pal's Second Amended Complaint, as shown in Exhibit 4, into the record.

Respectfully submitted,

 /s/ Travis Pittman
Travis Pittman (D.C. Bar No. 1016894)
Local Counsel for Plaintiff
HOLMES, PITTMAN & HARAGUCHI, LLP
1140 3rd St. NE
Washington, DC 20002
(202) 329-3558
jpittman@hphattorneys.com

Sean Parmenter
(Pro Hac Vice to be submitted)
Bar Card No. 233,144 (California)
PARMENTER INTELLECTUAL PROPERTY LAW, PLLC
1401 21st St, Suite #10724
Sacramento, CA 95811
(925) 482-6515
sean@parmenterip.com
ATTORNEYS FOR PLAINTIFFS

Filed: April 21, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion for Leave to Amend Plaintiff's First Amended Complaint was served on April 22, 2025 to all counsel of record via the Court's electronic filing system.

 /s/ Travis Pittman
Travis Pittman