**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VOIP-PAL.COM INC.<br><br>*Plaintiff*,<br><br>v.<br><br>AT&T, INC., *et al.*<br><br>*Defendants*. | Civil Action No. <u>24-cv-03051(RDM)</u> |

**PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER**

COMES NOW, Plaintiff VoIP-Pal.Com Inc. ("VoIP-Pal"), by and through undersigned counsel, in response to the Court's May 2, 2025 Show Cause Order, and respectfully states:

VoIP-Pal served the summons, complaint, and waiver form for each defendant through counsel on April 23, 2025 in accordance with the Court's January 21, 2025 order that "Plaintiff must effectuate service of process on Defendants on or before April 23, 2025." Service was effected via the letters included here (without attachments) as Exhibits 1, 2, and 3.

The AT&T Defendants have returned the executed waiver forms. The Verizon and T-Mobile Defendants have raised questions related to service. VoIP-Pal promptly responded to those questions, and is waiting for the return of executed waiver forms.

**I. STANDARD OF REVIEW.**

The Federal Rules of Civil Procedure ("Rule") provide that

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m). "Rule 4(m) provides that district courts have discretion when determining whether to

dismiss for failure to timely effect service." *Morrissey v. Mayorkas*, 17 F.4th 1150, 1156 (2021)

(citing *Mann v. Castiel*, 681 F.3d 368, 375-76 (2012)).

> Good cause exists "when some outside factor ... rather than inadvertence or
> negligence, prevented service," *Lepone–Dempsey v. Carroll Cnty. Com'rs*, 476 F.3d
> 1277, 1281 (11th Cir.2007), for example, a defendant's intentional evasion of
> service, *see* H.R. 7152 Amendments to Federal Rules of Civil Procedure, 1982
> U.S.Code Cong. & Admin. News 4434, 4446 n.25 . . . . In sum, "[g]ood cause means
> a valid reason for delay." *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932,
> 934 (7th Cir.2002).

*Mann*, 681 F.3d at 374-75.

## II. SERVICE ON THE DEFENDANTS.

### A. The AT&T Defendants.

VoIP-Pal served the AT&T Defendants through their attorney on April 23, 2025. The AT&T

Defendants returned the executed waiver forms on April 29, 2025. VoIP-Pal initially planned to

wait and file proof of service for all defendants at the same time. However, VoIP-Pal instead filed

the AT&T waiver forms immediately upon receiving the Court's May 2, 2025 Order.

### B. The Verizon Defendants.

VoIP-Pal served the Verizon Defendants through their attorney on April 23, 2025. On April

25, 2025, the Verizon Defendants wrote to VoIP-Pal raising a number of issues and questioning

the effectiveness of service. That letter is included here as Exhibit 4. VoIP-Pal responded to the

Verizon letter on April 28, 2025. VoIP-Pal's response (without attachments) is included here as

Exhibit 5. On that same day, VoIP-Pal provide a copy of its April 28, 2025 letter to the AT&T and

T-Mobile Defendants so that everyone was on the same page.

VoIP-Pal does not agree with the arguments raised by Verizon about effectiveness of

service. Verizon previously asked VoIP-Pal not to serve the Verizon Defendants directly, and

requested that VoIP-Pal instead serve through counsel. That correspondence is included here as Exhibit 6. The Verizon Defendants had previously agreed in teleconference to return executed waiver forms for each Verizon Defendant to ensure there are no proof of service issues.

### C. The T-Mobile Defendants.

VoIP-Pal served the T-Mobile Defendants through their attorney on April 23, 2025. The T-Mobile Defendants wrote to VoIP-Pal on May 1, 2025 raising a number of issues and questioning the effectiveness of service. That correspondence is included hereto as Exhibit 7. VoIP-Pal responded on May 2, 2025 by the letter included here (without attachments) as Exhibit 8.

The correspondence between VoIP-Pal and T-Mobile indicates some misunderstanding over who is represented by T-Mobile's counsel and whether they will accept service through counsel. It is VoIP-Pal's understanding that, like the AT&T Defendants and Verizon Defendants, every T-Mobile Defendant is represented by Cleary Gottlieb Steen & Hamilton LLP. VoIP-Pal had also understood that the T-Mobile Defendants should be served through that firm.

Cleary Gottlieb wrote to VoIP-Pal on January 5, 2025, introducing itself as T-Mobile's counsel in this case and asking that all communications regarding this case be directed to them. That correspondence is attached here as Exhibit 9. Separately, on March 3, 2025, Cleary Gottlieb wrote to VoIP-Pal asking that VoIP-Pal serve the President and Vice President of T-Mobile through counsel, and not serve them personally. That correspondence is included here as Exhibit 10.

If there has been a misunderstanding as to whom Cleary Gottlieb represents and for whom they are authorized to accept service, VoIP-Pal would respectfully ask the Court for a brief allowance of time to serve those Defendants in the normal manner.

**D. VoIP-Pal respectfully asks that the case not be dismissed**.

VoIP-Pal believed in good faith that it complied with the requirements of Rule 4(m) and the previous orders of this Court when it issued the April 23, 2025 letters. VoIP-Pal did not anticipate the issues and positions taken by the Verizon and T-Mobile Defendants, and in all candor feels somewhat hoodwinked. While there may exist a good faith miscommunication with T-Mobile, the Verizon Defendants strenuously requested to be served through counsel and agreed to execute the Court's standard waiver form. There should be no question that they have been served. If the T-Mobile Defendants resist service, or are not represented by Cleary Gottlieb, VoIP-Pal is prepared to take any additional actions needed to effect service of process on a prompt and expedited schedule.

Finally, VoIP-Pal respectfully represents to the Court that it did not understand the April 23, 2025 deadline set by the Court's January 21, 2025 order to include the filing of proof of service. VoIP-Pal believed it had complied with that order upon serving the papers, with proof of service to be accomplished later upon receiving the executed waiver forms from the defendants.

## IV. CONCLUSION.

WHEREFORE, Plaintiff VoIP-Pal.Com Inc. respectfully states that, for the foregoing reasons, this case should not be dismissed.

Respectfully submitted,

 /s/ Travis Pittman
Travis Pittman (D.C. Bar No. 1016894)
Local Counsel for Plaintiff
HOLMES, PITTMAN & HARAGUCHI, LLP
1140 3rd St. NE
Washington, DC 20002
(202) 329-3558
jpittman@hphattorneys.com

Sean Parmenter

(Pro Hac Vice to be submitted)
Bar Card No. 233,144 (California)
PARMENTER INTELLECTUAL PROPERTY
LAW, PLLC
1401 21st St, Suite #10724
Sacramento, CA 95811
(925) 482-6515
sean@parmenterip.com
ATTORNEYS FOR PLAINTIFFS

Filed: May 6, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response to Show Cause

Order was served on May 6, 2025 to all counsel of record via the Court's electronic filing system.

 /s/ Travis Pittman
Travis Pittman