# EXHIBIT 4

**EXHIBIT 4**

**MORRISON FOERSTER**

2100 L STREET, NW
SUITE 900
WASHINGTON
DC 20037

TELEPHONE: 202.887.1500
FACSIMILE: 202.887.0763

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI, NEW
YORK, PALO ALTO, SAN DIEGO, SAN
FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

Writer's Direct Contact
+1 (202) 887-8766
BLui@mofo.com

April 25, 2025

**By email**

Travis Pittman, Esq.
(jtpittman@hphattorneys.com)
Holmes, Pittman & Haraguchi, LLP
1140 3rd. St. NE
Washington, DC 20002

Sean Parmenter, Esq.
(sean@parmenterip.com)
Parmenter Intellectual Property Law, PLLC
1401 21st St., Suite #10724
Sacramento, CA 95811

Re:   *VoIP-Pal.com Inc. v. AT&T, Inc. et al.*, No. 24-CV-03051-RDM (D.D.C)
      *Inza et al. v. AT&T, Inc. et al.*, No. 24-CV-03054-RDM (D.D.C)

Dear Messrs. Pittman and Parmenter:

I write regarding Mr. Pittman's correspondence of April 23, 2025. In his letter, Mr. Pittman stated that he was effecting service of process in the above referenced cases on the "Verizon defendants" through my office. His correspondence, however, does not satisfy the requirements of Rule 4 because it did not include a copy of the operative complaint(s) (and the summons he did provide relate only to the direct case (No. 24-cv-03051) and not the class action (No. 24-cv-03054).

Instead of attaching the complaint(s), your letter provides two links to separate online document repositories containing all of the papers from the dockets in the above referenced cases. Each folder contains multiple complaints filed at different times. Consequently, it is not clear which claims you intend for the Verizon defendants to respond to, and our clients cannot fairly be on notice of the claims against them.

We request that you send us the versions of the complaints you believe are the operative complaints in this case.

Please let me know if you have any questions.

Sincerely,

Bradley S. Lui