# EXHIBIT 5

# HOLMES PITTMAN & HARAGUCHI, LLP

## ATTORNEYS AT LAW

| | | |
|---|---|---|
| **DONALD HOLMES (1943-2019)**<br>**TRAVIS PITTMAN, VA & DC**<br>**YUKI HARAGUCHI, CA** | 1140 3rd St. NE<br>Washington, DC 20002<br>www.hphattorneys.com | **SALLY HAYNSWORTH**, Office Director<br>Telephone: (410) 482-9505<br>Facsimile: (443) 782-0362 |

April 28, 2025

Bradley S. Lui
Morrison & Foerster LLP
blui@mofo.com

cc: Russ Falconer, Gibson, Dunn & Crutcher LLP
    Dan Culley, Cleary Gottlieb Steen & Hamilton LLP

Re:    *VoIP-Pal.com Inc. v. AT&T, Inc. et al,* Case No. 24-cv-03051
       *Rich Inza, et al. v. AT&T, Inc. et al*, Case No. 24-cv-03054

Dear Mr. Lui,

I am responding to your letter dated April 25, 2025 raising several items related to service of process. A copy of your letter is attached hereto as Attachment A. I have copied the attorneys for AT&T and T-Mobile on this letter so that we are all on the same page.

**1. Summonses**.

In your letter, you state the following:

> *In his letter, Mr. Pittman stated that he was effecting service of process in the above referenced cases on the "Verizon defendants" through my office. His correspondence, however, does not satisfy the requirements of Rule 4 because it did not include a copy of the operative complaint(s) (and the summons he did provide relate only to the direct case (No. 24-cv-03051) and not the class action (No. 24-cv-03054).*

Respectfully, this statement does not accord with our review of the letter we sent to you on April 23, 2025. That letter is a PDF containing 70 pages, PDF pages 2-35 are the summonses for the direct case (No. 24-cv-03051). PDF pages 36-69 are the summonses for the class action case (No. 24-cv-03054). Each summons for every Verizon Defendant is attached to the letter.

**2. Operative Complaint**.

In your letter, you also state:

# HOLMES PITTMAN & HARAGUCHI, LLP

> *Instead of attaching the complaint(s), your letter provides two links to separate on line document repositories containing all of the papers from the dockets in the above referenced cases. Each folder contains multiple complaints filed at different times. Consequently, it is not clear which claims you intend for the Verizon defendants to respond to, and our clients cannot fairly be on notice of the claims against them.*

The two online repositories, corresponding to the two cases, are organized in accordance with the docket numbers assigned by the Court's PACER docket sheets. Accordingly, each online repository has a folder labeled 1 COMPLAINT containing the original Complaint filed in that case. Likewise, each online repository contains a folder labeled 7 AMENDED COMPLAINT, containing the First Amended Complaint filed in each case. The First Amended Complaints were filed by right, pursuant to FRCP 15(a)(1)(A), and are the operative Complaints in each case.

However, on April 21, 2025 VoIP-Pal filed a Motion for Leave to Amend the First Amended Complaint in both cases, including a proposed Second Amended Complaint as Exhibit 4 to each motion. In full candor, upon reviewing the online repositories, we noticed that the motion to amend was inadvertently excluded from the online repository for the class action (No. 24-cv-3054). It has now been included in a folder labeled 10 MOTION.

**3. <u>Request for Leave to Amend The First Amended Complaint</u>**.

In the Motions for Leave to Amend the First Amended Complaints, VoIP-Pal states:

> *In previous conversations with counsel for the AT&T Defendants, the undersigned counsel has become aware that the Defendants generally do not either to consent or to withhold consent to procedural motions prior to entering their appearance in this case. For that reason, VoIP-Pal has not sought consent as contemplated byFRCP 15(a)(2)prior to filing this motion.*
>
> *VoIP-Pal will promptly seek that consent from each Defendant after they have entered their respective appearances.*

Accordingly, VoIP-Pal now respectfully asks that your clients consent to amendment of the First Amended Complaint in each case, replacing it with the Second Amended Complaint located at Dkt. 9-4 in the direct case (No. 24-cv-03051) and Dkt. 10-4 in the class action (No. 24-cv-03054).

If you have any further questions regarding service of process, please let me know your availability to meet via teleconference.

Very truly yours,

Travis Pittman
